## No. 9480.

### THE STATE EX REL. E. A. LUMINAIS VS. J. D. HOUSTON, TAX COLLECTOR.

The State Tax Collector cannot be compelled by a mandamus to receive from a purchaser of land forfeited to the State, and again offered for sale in payment of the price bid, where the property is burdened with back taxes due the State and city, three per cent Louisiana bonds, known as "Baby Bonds," though the purchaser has paid the amount owing for costs, fees, commissions, etc., in cash.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*E. L. Bemiss* for the Relator and Appellant.

*W. H. Rogers,* City Attorney, and *Blanc & Butler* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The relator became the purchaser of certain property in the city of New Orleans, described in the petition, which had been forfeited to the State for non-payment of taxes and sold again under Act 82 of 1884, and adjudicated to the relator for $2550.

The amount of charges, fees, costs, etc, aggregating $175, was paid in cash, and for the balance ($2375) he tendered in payment Louisiana 3 per cent bonds, commonly known as "Baby Bonds," which tender was refused, and thereupon a mandamus was applied for to compel the officer to receive said bonds in satisfaction of said balance, which is the proceeding now before us.

The tax collector and the city of New Orleans, also made party, for return to the alternative writ, answered that the said balance of the relator's bid could not be entirely paid in "Baby Bonds," but must be paid in cash or in such State and city obligations as would enable the

tax collector to make a distribution of the adjudication proportionately between the State and city, according to the amount of their respective claims against the property, that is, a portion of the sum derived from the sale going to the General Fund might be paid in "Baby Bonds," or in valid outstanding Auditor's warrants; the portion due the "Interest Fund" in matured coupons of interests; the portion due the "Levee Fund" in warrants of the levee company.

The relator relies on the 2d section of Act 82 of 1884 to support his contention.

The main object of this act, as we gather from its title, was "to provide for the sale of property bid in for and adjudicated to the State, and of property on which taxes are due the State prior to December 31, 1879."

This section (2) reads:

"That said property shall be adjudicated and sold to the last and highest bidder for cash.   All bids may be paid in any lawful money of the United States, or in any warrant, bond or other obligation which, by the laws and Constitution of the State, is made receivable for taxes and licenses due the State prior to January 1, 1879, except the costs incurred in adjudications to the State and in sales under this act, and the commissions and fees established by this act, which shall be paid by preference and in current money."

This section quoted must be considered in connection with article 1 of the miscellaneous ordinances of the Constitutional Convention which explains its meaning.

The first paragraph of that article provides "that taxes and licenses due the State prior to January 1, 1879, shall be paid as follows:   That portion of said taxes and licenses due the General Fund, except as hereinafter provided, in any valid Auditor's warrants, outstanding at the date of the adoption of this Constitution," except certain warrants mentioned and not necessary here to enumerate.

It next provides that the holders of said warrents may fund them in the bonds above referred to, known as stated, as "Baby Bonds," and further provides that these bonds shall be receivable for amounts due the State for the redemption or purchase of property which has been forfeited or sold to the State for delinquent taxes and licenses of any of the years named in the article.

The second clause of the same article further provides that the portion of said taxes and licenses due the Interest Fund subsequent to 1874, may be paid in any matured interest coupons issued by the State since said date; and the third paragraph of the article directs that the

portion of said taxes due the Levee Fund from 1871 to 1876 inclusive, can be paid in any valid warrants issued by the levee company and indorsed by the Auditor and Treasurer in the manner therein prescribed.

In the last paragraph of the article it is directed that all taxes and licenses due any parish or municipal corporation prior to January 1, 1879, can be paid in valid warrants, scrip or floating indebtedness of said parish or municipal corporation, except judgments.

It is apparent from a reading of this ordinance and a critical examination of its several provisions that all of the then back taxes which, under the law, pertained to the General Fund might be paid by the obligations of the State described in the first clause of the article above recited and subsequently represented by "Baby Bonds," but that the portions of said taxes legally appropriated to the Interest Fund and the Levee Fund, and the city taxes could not be paid by these bonds, whether these taxes were collected directly from the defaulting taxpayers or derived from the sales of lands previously forfeited to the State or otherwise. The second section of Act 81 of 1881, so far it may be construed as conflicting with these constitutional requirements, of course would be without force or legal effect.

The record shows that the larger portion of the back taxes against the property in question, was due the city, and the contention of the relator is that these city taxes even could be paid in "Baby Bonds." The fifth section of the act referred to (82 of 1884) reads:

"If the price paid for said property is not sufficient to pay in full all costs and charges herein set forth, and the taxes due prior to December 31, 1879, with interest, costs and charges thereon due by said property, then the price, after the payment of the costs and charges herein provided to be paid first, shall be divided and distributed proportionately to the payment of all unpaid State, city, parish or municipal taxes, interest, costs and charges due on or by the property prior to December 31, 1869."

It strikes us as a strange proposition that the taxes and licenses due the city could be paid by these bonds, which, as shown, represent exclusively a debt owing to the State, and particularly in view of the clause in the constitutional ordinance quoted, requiring them to be paid in the obligations of the city.

The proposition has no support whatever in the law.

From no point of view can we discover that the relator is entitled to the relief he asks at our hands.

Judgment affirmed.